IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Susan McMAHON,

    Plaintiff,

v.

The MEDICAL PROTECTIVE CO.,

    Defendant.

Civil Action No. 13-911

**MEMORADUM OPINION**

Conti, Chief Judge

## I. Introduction

Defendant The Medical Protective Company ("Medical Protective") filed a motion (ECF No. 78) seeking reconsideration of the opinion and order denying in part Medical Protective's motion for summary judgment. Medical Protective argues the court clearly erred by applying an improper legal standard and overlooking certain testimony of plaintiff Susan McMahon ("McMahon"). Medical Protective moved in the alternative for the court to certify the opinion and order for interlocutory appeal under 28 U.S.C. § 1292(b). (ECF No. 80.) Each of these motions will be addressed in turn.

## II. Motion for Reconsideration

### A. Legal Standard

The court may grant a motion for reconsideration if the party seeking reconsideration establishes one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A finding of clear error is appropriate when the record supports "'the definite and firm conviction that a mistake has been

committed.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 345 (3d Cir. 2013) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). Because of the interest in finality, district courts grant motions for reconsideration sparingly—the parties are not free to relitigate issues the court has already decided. *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992); *see Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) ("[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly.").

### B. Discussion

McMahon asserted that Medical Protective breached the terms of its contract with her, breached the implied contractual duty of good faith and fair dealing, and acted in bad faith under the Pennsylvania insurance bad faith statute, 42 PA. CONS. STAT. § 8371. Medical Protective moved for summary judgment on all those claims. The court granted Medical Protective's motion with respect to McMahon's claim that it breached the terms of the insurance contract. The court denied the motion with respect to the contractual and statutory bad faith claims because a reasonable jury could find that Medical Protective's Antony Ball ("Ball") or Kurtis Marshall ("Marshall") made misrepresentations or omitted to provide material information to McMahon and could conclude that such conduct constituted contractual or statutory bad faith. (Summ. J. Op. 32, ECF No. 76.) Medical Protective argues that the court should reconsider its opinion because it clearly erred by "overlooking" certain testimony by McMahon and failing to apply the *Terletsky* standard to contractual insurance bad faith claims.[1]

---

1  Medical Protective did not identify any intervening change in the law or new evidence previously unavailable.

### 1. Overlooked Testimony

The court found that a reasonable jury could find the following facts and conclude they demonstrate bad faith by Medical Protective:

> (1) Ball told [McMahon's personal counsel Joseph] Decker that Medical Protective would not offer more than $1.3 million [to settle the claim], even after the mediation; (2) Ball did not tell Marshall that Medical Protective would consider offering more than $1.5 million after the mediation, if necessary to settle the claim; (3) Marshall told McMahon and Decker that $1.5 million was the limit of his authority; and (4) when McMahon placed her own money on the table, neither Marshall nor Ball told her that Medical Protective would offer more, if necessary, to settle the case.

(*Id.* at 26.) Medical Protective points to deposition testimony by McMahon that it argues demonstrates McMahon was unaware that Ball told Decker that Medical Protective would not offer more than $1.3 million. (Mot. Recons. 4, ECF No. 79.) Thus, McMahon could not have relied on this alleged misrepresentation. (*Id.* at 4 n.6.)

McMahon's testimony in question is as follows:

> Q. Did Mr. Decker communicate anything else that Mr. Ball had said to him during their conversation or conversations during the course of the mediation?
>
> …
>
> A. He told me that Mr. Ball would not tell him what the parameters—he wouldn't tell him what his strategy was or where he was going.
>
> Q. He wouldn't tell him where he was going in terms of how much money Medical Protective would be prepared to pay in the case?
>
> A. I think more along the lines of what the next increment would be.

3

> Q. Do you know if Mr. Decker asked Mr. Ball how much ultimately Medical Protective would be willing to pay in the case?
>
> A. I don't know if he asked him that.

(McMahon Dep. 19:17–20:8, Mar. 14, 2014, ECF No. 49-6.)

This testimony, which the court read and considered before issuing its summary judgment opinion, does not support the definite and firm conviction that the court made a mistake. As the court noted in its opinion, viewed in the light most favorable to McMahon, Ball's statement to Decker that Medical Protective would not offer more than $1.3 million was untrue, but it was likely not material from the standpoint of a fraudulent misrepresentation because Medical Protective later offered $1.5 million. (Summ J. Op. 25, ECF No. 76.) The Ball-Decker conversation is relevant because the jury could infer from it and Marshall's true statement that $1.5 million was the limit of his authority that "McMahon was misled into believing that $1.5 million was the absolute limit of what Medical Protective was willing to offer." (*Id.*)

Medical Protective correctly points out that a person "'cannot rely upon what [she] does not know or be misled by something of which [she] is not informed.'" (Mot. Recons. at 4 n.6, ECF No. 79 (quoting *Lewis v. Mears*, 189 F. Supp. 503, 508 (W.D. Pa. 1960)).) Crediting Decker's testimony, which the court must do in evaluating a motion for summary judgment, Decker was informed and did rely on Ball's statement—at least until Medical Protective raised its offer. Medical Protective cited no authority that a misrepresentation directed toward a plaintiff's personal counsel is not evidence of bad faith. Ball's untrue statement to Decker informed Decker's advice to McMahon and may be considered by the jury as evidence of bad faith.[2] The testimony highlighted by Medical Protective does not demonstrate clear

---

2    Medical Protective argues that, "[i]n sum, the evidence is that [Medical Protective], through Ball, *did* indicate to personal counsel that it expected settlement discussions to continue beyond the day of the mediation if settlement was not

error by the court and is not a basis for reconsideration of the court's summary judgment opinion.

### 2. Failure to Apply Terletsky Standard

Medical Protective argues the court committed clear error by failing to apply the standard set forth by the Superior Court of Pennsylvania in *Terletsky v. Prudential Property & Casualty Insurance Co.*, 649 A.2d 680 (Pa. Super. Ct. 1994), to the contractual bad faith claim. The Court of Appeals for the Third Circuit has predicted that the Pennsylvania Supreme Court would apply the *Terletsky* standard to *statutory* bad faith claims under 42 PA. CONS. STAT. § 8371. *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005). In this court's summary judgment opinion, the court noted that the standard for contractual bad faith claims is not entirely clear under Pennsylvania law. (Summ. J. Op. 17, ECF No. 76.) After consideration of the relevant Pennsylvania precedents, including *Cowden v. Aetna Casualty & Surety Co.*, 134 A.2d 233 (Pa. 1957), the court concluded that the standard set forth in *DeWalt v. Ohio Casualty Insurance Co.*, 513 F. Supp. 2d 287 (E.D. Pa. 2007), applied to McMahon's contractual bad faith claim. (Summ. J. Op. 18, ECF No. 76.)

Medical Protective argues that the standard applied by the court to a contractual bad faith claim is erroneous because *Cowden* and *DeWalt* involved excess verdicts resulting from an insurer's failure to settle a case and there was no excess verdict in this case. (Mot. Recons. 11, ECF No. 79.) In the most recent insurance bad faith case decided by the Third Circuit Court of Appeals, the appellant insurance company argued that "an excess verdict was necessary in order to have a contractual or bad faith claim." *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, No. 12-4450, 2015 WL 3634779, at

---

reached that day." (Mot. Recons. 9, ECF No. 79.) The court does not weigh the evidence when deciding a motion for summary judgment. Since there is evidence from which a jury could conclude that Medical Protective acted in bad faith, denial of summary judgment was not clear error.

*8 n.9 (3d Cir. June 12, 2015). The court of appeals noted that it knew of no decision with that holding and cited the summary judgment opinion in this case as an example of a decision predicting that an excess verdict is not required for a third party bad faith claim under Pennsylvania common law. *Id.*

The court recognizes that "negligent bad faith" is an odd concept, but Pennsylvania courts have repeatedly held that an insurer's unreasonable refusal to settle a claim can subject an insurer to bad faith liability. *See, e.g.*, *Birth Ctr. v. St. Paul Cos., Inc.*, 787 A.2d 376, 389 (Pa. 2001) ("[W]e hold that where an insurer acts in bad faith, by unreasonably refusing to settle a claim, it breaches its contractual duty to act in good faith and its fiduciary duty to its insured."). The court's prediction that the standard articulated in *DeWalt* applies to McMahon's contractual bad faith claim was carefully considered, and the court does not find it clearly erroneous.

Medical Protective's motion for reconsideration will be denied.

### III.  Motion for Certification of Interlocutory Appeal

#### A. *Legal Standard*

In general, "orders denying summary judgment do not qualify as 'final decisions' subject to appeal." *Ortiz v. Jordan*, 562 U.S. 181, 188 (2011). A district judge may, however, certify an order for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "A question is 'controlling' if its incorrect disposition would require reversal of the final judgment." *Kapossy v. McGraw-Hill, Inc.*, 942 F Supp. 996, 1001 (D.N.J. 1996); *see Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). When deciding whether to certify an order for interlocutory appeal, the court must make a "practical application" of the policies favoring interlocutory appeal, including "the avoidance of harm to a party pendente lite from a

possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." *Katz*, 496 F.2d at 756. "'The burden is on the party seeking certification to demonstrate that exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'" *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (quoting *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002)).

### B. Discussion

Medical Protective cites three issues that it argues satisfy the requirements for certification of an order for interlocutory appeal: (1) whether denial of summary judgment was appropriate in light of McMahon's testimony that allegedly conflicts with Decker's testimony about what Ball told him; (2) whether denial of summary judgment was appropriate given Medical Protective's alleged reasonable basis for not disclosing to McMahon its settlement strategy, its urging McMahon not to make a personal contribution, and other factual reasons; and (3) whether the application of a negligence standard to the contractual bad faith claim was appropriate. (Mot. Interloc. Appeal 2–3, ECF No. 81.)

The first two issues are not appropriate for interlocutory appeal because they do not involve a controlling question of law. The summary judgment standard set forth in Federal Rule of Civil Procedure 56 is controlling, and there is no dispute about that standard. Medical Protective disputes whether, in view of the record facts, it was entitled to summary judgment. Disputes about whether the district court correctly determined that the evidence raised a triable issue are not appropriate for interlocutory appeal. *Christy v. Pa. Turnpike Comm'n*, 912 F. Supp. 148, 149 (E.D. Pa. 1996); *see Johnson v. Jones*, 515 U.S. 304, 316 (1995) (holding that questions about "evidence sufficiency" at summary judgment are not appropriate for interlocutory appeal under the "collateral order" doctrine and 28 U.S.C. § 1291 because, among

other reasons, "questions about whether or not a record demonstrates a 'genuine' issue of fact for trial, if appealable, can consume inordinate amounts of appellate time").

Whether a negligence standard applies to the contractual bad faith claim is a controlling question of law. As the court has noted, there is substantial ground for difference of opinion with respect to the correct standard for this kind of claim. (*See* Summ. J. Op. 17–18 & n.8, ECF No. 76.) An immediate appeal of this issue would not, however, "materially advance the ultimate termination of the litigation" and would likely unnecessarily increase costs and waste judicial resources. 28 U.S.C. § 1292(b). Even if the negligence standard is erroneous, there would still need to be a trial on the statutory bad faith claim. "[W]here the issue involved in the interlocutory order is only one of many triable issues, an interlocutory appeal will not provide a more efficient disposition of the litigation." *Rottmund v. Cont'l Assur. Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992). Discovery is completed and the most efficient disposition of this case is to proceed to trial without an interlocutory appeal. *See id.*

Medical Protective did not meet its burden of showing that certification of the summary judgment order for interlocutory appeal is an appropriate exceptional circumstance.

## IV. Conclusion

For the reasons stated, Medical Protective's motions for reconsideration and certification of an interlocutory appeal will be denied. An appropriate order will be entered.

Dated: August 3, 2015  /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge